ADELE M. A. HATFIELD, Plaintiff, *v.* JAMES W. MALCOLM and Another, Defendants.

· THE NEW AMSTERDAM REAL ESTATE ASSOCIATION, Appellant.

*Foreclosure — proper party — order for the publication of a summons — affidavit therefor, and of publication — order of reference — presumption that a referee took the oath.*

In an action brought for the foreclosure of a mortgage, although the mortgagee has knowledge that the record owner of the title intends to convey the property to a third person, such third person is not a proper party to the action.

An order for the publication of a summons is based upon sufficient evidence where the sheriff certifies that he has diligently attempted to serve the defendant within the county in which he formerly resided, and it is shown by affidavit that inquiry has been made of his father with whom he had resided, resulting in the information that he was in another State, and that subsequent information was obtained from a brother of the defendant to the effect that the defendant was, some days before, at a certain place within this State, naming the place, where he could be found, but that he could not be found there, and that his father and brother would give no further information as to where he could be found.

An order for the publication of a summons need not contain the option that personal service out of the State may be made personally.

An affidavit of publication of the summons is sufficient if it shows either that the same was published for seven successive weeks from one specific date to another specific date, both inclusive, or that the same was published in a weekly paper seven successive times, beginning at a specified date.

In a foreclosure action an order of reference is in due form where it directs the referee to examine the plaintiff as to the truth of the allegations of the complaint, when the complaint averred that no payments had been made, and the plaintiff was examined and so testified before the referee.

Where in an action to foreclose a mortgage some of the defendants are absentees, and it does not appear by the papers whether the referee took the official oath, the presumption is in favor of the performance of his official duty.

APPEAL by the New Amsterdam Real Estate Association, from an order entered in the office of the clerk of the county of Westchester on the 14th day of January, 1893, denying said association's motion to vacate a judgment entered in this action in favor of the plaintiff.

The action was brought to foreclose a mortgage, and an order of publication was obtained directing the service of the summons upon certain of the defendants by the publication thereof in two

weekly newspapers, each published in Westchester county, one affidavit of publication stating that the publication had been made once in each week for six (seven times) weeks successively from July 15, 1892, to August 26, 1892, inclusive, next preceding the day of sale specified in said notice, the other affidavit stating that it had been made once in each week for six (seven times) weeks successively, commencing July 16, 1892.

The sheriff's certificate, upon which, with other papers, such order of publication was obtained, was as follows:

"I, John Duffy, Sheriff of Westchester County, New York, do hereby certify that on June 25, 1892, two copies of the summons and complaint in this action were delivered to me by the plaintiff's attorney herein, Henry T. Dykman, with instructions to serve the same upon the defendants, James W. Malcolm and Mary, his wife; that I have made diligent efforts to find said defendants within the County of Westchester and serve the said summons and complaint upon them, but I have been unable to find them therein.

"In witness whereof, I have hereunto set my hand this 12th day of July, 1892.

"JOHN DUFFY,

"*Sheriff.*"

*John H. Clapp,* for the appellant.

No one appearing for the respondent.

BARNARD, P. J.:

The plaintiff, on the 15th of March, 1892, conveyed certain property in Westchester county to the defendant James W. Malcolm. Malcolm gave back a mortgage for a large part of the purchase money, payable by installments. The mortgage provided that upon a default in the payment of any installment, the plaintiff was empowered to sell the premises, and out of the proceeds to pay the mortgage debt. A default was made on the 15th of June, 1892, in the payment of $6,000 then due, and the plaintiff foreclosed and sold the property, and bid it in for her debt. Soon after the sale by the plaintiff to Malcolm, he sold the property to the Amsterdam Real Estate Association. This deed was not recorded when the foreclosure was instituted. Malcolm was the manager for the real estate company, and pending the foreclosure, this company was fully

informed of the proceedings, and took no action in respect to being made a party defendant, but continued to negotiate for delay, and the objection now made that the company should have been made a party defendant, is without force. No deed was on record. Malcolm was its trustee, and a knowledge that he intended to convey to the company would not have justified the plaintiff in making the company a party until the deed was given.

The order for the publication was based upon sufficient evidence, and was in due form. The sheriff could not find either Malcolm or his wife in Westchester county. He had lived with his father at Mount Pleasant. Inquiry therein, resulted in information that young Mr. Malcolm had gone to Tennessee; this was in June, 1892. In July, 1892, one of Malcolm's brothers informed the plaintiff's agents that his brother was at the races at Monmouth Park on the 4th of July, 1892, and he could be found, probably, at Munden's Cafe, Sixth avenue and Thirtieth street. He could not be found there. Neither his father or his brother could give information where he could be found. The papers show an extreme effort to serve him with the papers in the State, and fairly justify an inference that he was evading service by absence from the State, or by concealment within it.

The order need not contain the option that a personal service out of the State be made personally.

The case of *Ritten* v. *Griffith* (16 Hun, 454), does not so hold. There, a personal service out of the State was made without an order of publication, and such a service was held void. The affidavit of publication in the *Westchester County Reporter* was sufficient. It had a summons annexed to it which was proved to have been published seven successive weeks from July 15, 1892, to August 26, 1892, both inclusive. The affidavit of publication in the *Eastern State Journal* is to the effect that an annexed summons had been published seven successive times, beginning July 16, 1892. The order of reference was not jurisdictive, and is in due form. It directed the referee to examine the plaintiff as to the truth of the allegations of the complaint. The complaint averred that there were no payments, and the plaintiff was examined and so testified before the referee.

As to the fact whether the referee took the official oath, the papers

are silent.   The presumption is in favor of the performance of official duty.

The order should, therefore, be affirmed, with costs and disbursements.

PRATT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

